JACOB  FROST  *v*.  DANIEL  PHILBROOK  AND  JAMES  H.  WOOD-
BURY.

*Review.*

The plaintiff, in an action of ejectment against two defendents, recovered a verdict at the first trial against one only of them, who entered a review, and the plaintiff at the same time entered a review as to the other defendant.  At the second trial a verdict was rendered in favor of both of the defendents.  *Held* that the plaintiff was not then entitled to review the action as to the defendant against whom he obtained a verdict at the first trial.

EJECTMENT for a lot of land in Lowell.   A trial was had in the county court at the June Term, 1850, when a verdict was returned for the defendant Philbrook, and against the defendant Woodbury. The plaintiff thereupon reviewed as to Philbrook, and Woodbury reviewed as to himself.   A second trial was had at the June Term, 1855, to which time the cause had, from term to term, been continued, when a verdict was returned in favor of both of the defendants.   The plaintiff claimed the right to review as to the defendant Woodbury, but the court,—UNDERWOOD, J. presiding,—denied the right and refused to grant the same ; to which the plaintiff excepted.

*Sumner & Willard* for the plaintiff.

*T. P. Redfield* for the defendant.

The opinion of the court was delivered, at the circuit session in September, by

BENNETT, J.   The only question in the case is, did the county

court err in denying to the plaintiff a review? The action is ejectment; and upon the first trial the plaintiff had a verdict against Woodbury, and the defendant Philips had a verdict in his favor. The plaintiff entered his review, as against Philips, and the defendant Woodbury entered his review against the plaintiff. Upon the second trial the verdict was for both defendants, and the plaintiff proposed to enter his review against Woodbury, which was denied him. It was decided by this court before I was a member of it, in the case of *Sheplee et al.* v. *Page et al.* (not reported.) that in an action of tort one defendant is entitled to review his case in the county court, even though the judgment was final as to the other defendants; and this decision was acted upon in the case of *Paine el al.* v. *Tilden et al.*, 20 Vt. 563. This decision was made, no doubt, upon the principle that all torts committed by two or more are several, as well as joint; and that where a final judgment has been obtained against one defendant, and a review entered by the other, the effect is to save the proceedings, and to leave the judgment still in force as to the defendant against whom it was final. We at first thought that, under the decisions already made, the plaintiff was improperly denied his review, but upon more mature reflection we are inclined to think otherwise. The statute is, " that either party may once, and no more, review his cause." The plaintiff's action is ejectment, to recover the seizin and possession of a piece of land, an entire thing; and it is not improbable, though it does not appear from the case, that the two defendants stand in the relation of landlord and tenant, and that the title of one is subordinate to that of the other; or the two defendants may claim by a joint title ; or their defense may have rested solely in a want of title in the plaintiff. The plaintiff's title is an entire thing to be tried, and so it may be said of the defendants' title, if they stand in the relation of landlord and tenant, or hold by a joint title ; and in either of the cases we cannot think that the plaintiff should be permitted, after two verdicts the same way upon the title, further to litigate it, by attempting to sever the defendants by a review. The plaintiff saw fit to bring a joint action against the two defendants, and we have the right to suppose he rested his case, as to both, upon the same title ; and it may be that, on the first trial, both defendants were not found to be in pos-

48

session.   We think then, in a case like this, it should be considered, that where the plaintiff, upon the first trial, had entered a review, though it was entered in form as to one defendant, (the other defendant entering a review for himself,) he had " *once reviewed his cause.*" · Supposing this to be such a case, as we have a right to suppose it to have been, we cannot say there was error in the county court in denying to the plaintiff his second review, although it was simply claimed against Woodbury, who had a verdict against him on the first trial, and in form entered his review against the plaintiff.   It is not necessary to say what would have been the result, if this had been a personal action founded upon a tort and simply for the recovery of damages.   It is sufficient to say that in this particular case we find no error in denying the second review.

Judgment affirmed with costs.